No. 28,239.

C. O. NYHART et al., *Appellants*, v. EDWARD IVERSON et al., *Appellees*.

(272 Pac. 176.)

Opinion filed December 8, 1928.

*Charles J. Conlon* and *Ralph U. Pfouts,* both of Atchison, for the appellants.

*Maurice P. O'Keefe,* county attorney, for the appellees; *Roland Boynton,* assistant attorney-general, of counsel.

The opinion of the court was delivered by

DAWSON, J.: On September 29, 1927, the plaintiff Nyhart and some seventy-five other taxpaying residents of the Nortonville road benefit district of Atchison county brought this action to restrain the defendant board of county commissioners from levying a special tax upon their several properties to pay for the pavement of a class A highway in that district constructed in 1926.

Plaintiffs' cause of action was based on the assumption that the county board had on hand sufficient funds for the maintenance of the state highway system in Atchison county and also enough road moneys to pay for the completion of all federal-aid projects under construction on March 17, 1927, which was the date when chapter 255 of the Session Laws of 1927 took effect.

The answer of the county board alleged that the road funds were required for the payment of another federal-aid project under proceedings which were under way on March 17, 1927, which culminated in a contract let September 1, 1927, and under which construction was begun on the date this action was filed, September 29, 1927, and that such road project was not yet completed.

In lieu of formal proof counsel for each of the parties dictated

into the record certain statements of fact, upon which the judgment of the court was invoked. The most significant parts of plaintiffs' statement read:

"That the defendants are about to place the property of the plaintiffs as above referred to on the tax roll of Atchison county, Kansas, and assess and levy a tax to pay for said concrete road. . . .

"That at the time of bringing this action and the filing of the petition herein, provision had been made for the proper maintenance of the said highways in Atchison county, Kansas, and that no tax or assessment has been levied against the land above referred to; that is to say, for the purpose of obtaining funds to pay for said concrete road.

"That said concrete road was built prior to the completion of the state highway system in Atchison county, Kansas, in accordance with federal-aid specifications; that is to say, same was completed in 1924."

The statement of counsel for defendants is too long for repetition, but it recites that in June, 1925, the defendant board applied for federal aid on a road known as K. T. Trail, Highway 73-E, and on February 16, 1926, a resolution to construct and maintain that road as a federal-aid road was adopted; that on September 1, 1927, the contract for the work was let, and on September 10, 1927, work on the road was begun. The contract price was $63,537.30; that the federal aid available was $25,000, leaving $38,537.30 to be provided out of the county and state road funds; that other road projects in the county had not been completed, and that balances of contract prices were or would be due thereon, viz.:

On the Catholic Cemetery road.......................... $3,513.13
On the Muscotah road................................... 11,438.53

The statement for the county board showed the status of the road funds on hand and in sight, together with an estimate of the cost of maintaining the state highway system in Atchison county, all of which made it obvious that these pending and necessary expenditures would leave no available road funds with which the county board could pay the cost of the Nortonville road chargeable to plaintiffs' lands.

The trial court gave judgment for defendants, and plaintiffs appeal. They invoke part of section 9 of chapter 255, of the Laws of 1927, which reads:

"That after provision has been made for the proper maintenance of the state highways in the county and when no tax or assessment has been levied against the lands in said benefit district, the county commissioners may pay the portion of the costs chargeable to the lands in such benefit districts out

of the county and state road fund of said county, in which event no special assessment shall be levied against the lands in said benefit district or districts."

The entire statute, and particularly the whole of section 9, needs to be considered. One highly important proviso of that section reads:

"*Provided, however,* That such payments and reimbursements shall be optional with the county board in any county where any proceedings are now under way for the construction of a state road in accordance with some federal-aid specification until the construction of such road shall have been completed."

Since the other pending road projects will require all the available road funds on hand and in expectancy for some time to come, and proceedings for the construction of "K. T. Trail, Highway 73-E" as a federal-aid project were already under way when the 1927 statute was enacted, it is clear that the circumstances under which the county board is authorized, *at its option,* to pay the cost of the Nortonville road chargeable to plaintiffs' lands have not yet come into existence, and the judgment of the district court was correct.

The judgment is affirmed.